UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x --

PETER MILLER,

                        Plaintiff,

         -against-

THE CITY OF NEW YORK, DET. TINA EVERETT (SHIELD 3291), DET. MATTHEW SAVAGE (SHIELD 6484) and LT. DANIEL SBARRA (SHIELD 5029)

                        Defendants.

**FIRST AMENDED**

**COMPLAINT**

11-CV-4757(SJ)(MDG)

Jury Trial Demanded

-------------------------------------------------------------------- x --

## PRELIMINARY STATEMENT

1. This is a civil rights action, alleging that the City of New York and several New York City Police Officers violated plaintiff's rights under 42 U.S.C. § 1983, the Fourth and Sixth Amendments to the United States Constitution. Specifically, plaintiff alleges that, on May 26, 2011, defendants falsely arrested him and made false allegations about him to the Kings County District Attorney's Office. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. This court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

4.  Venue is proper here pursuant to 28 U.S.C. § 1391.

## PARTIES

5.  Plaintiff is a resident of the State of New York.

6.  The City of New York is a municipal corporation organized under the laws of the State of New York.

7.  Police Officers Tina Everett (Shield 3291), Matthew Savage (Shield 6484) and Daniel Sbarra (Shield 5029) (the "officers") are New York City Police Officers who were acting under color of state law and in their capacities as City law enforcement officers at all relevant times. The officers are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. These defendants are sued in their individual capacities.

## STATEMENT OF FACTS

8.  Plaintiff is a 76 year-old male. At or about 6:00 p.m. on May 26, 2011, plaintiff was sitting in his car in the vicinity of Stuyvesant Avenue and Kosciuszko in Brooklyn, New York.

9.  Three plainclothes officers approached plaintiff while he was in his car.

10. The officers asked plaintiff to step out and claimed that they found marijuana.

11. Plaintiff was handcuffed excessively tight.

12. He complained to the officers that they were too tight and that they were cutting off his circulation.

13. His pleas to loosen them were ignored.

14. Plaintiff was taken to the 81st Precinct.

15. Plaintiff was then taken to Brooklyn Central Booking.

16. At arraignment, plaintiff's criminal charges were adjourned in contemplation of dismissal.

17. After approximately twenty-fours hours in custody plaintiff was released.

18. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, anxiety, embarrassment, and humiliation.

19. Within 90 Days after the incident alleged in the complaint, a notice of claim was served upon the Comptroller's Office at 1 Centre Street, New York, New York 10007.

20. More than 30 days have elapsed and plaintiff's claim has not been paid or adjusted.

21. This action has been commenced within one year and 90 days of the events giving rise to the claim.

## FIRST CLAIM
## (FALSE ARREST)

22. Plaintiff repeats the foregoing allegations.

23. No officer observed plaintiff commit a crime on May 26, 2011.

24. At no time on May 26, 2011 did plaintiff commit a crime.

25. Accordingly, defendants violated the Fourth Amendment because they arrested plaintiff without probable cause.

## SECOND CLAIM

### (STATE LAW FALSE ARREST)

26. Plaintiff repeats the foregoing allegations.

27. The officers did not have probable cause to arrest plaintiff.

28. Plaintiff's arrest was not privileged.

29. Plaintiff did not consent to his confinement.

30. Accordingly, defendants violated New York State law because they arrested plaintiff without probable cause.

## THIRD CLAIM

### (UNREASONABLE FORCE)

31. Plaintiff repeats the foregoing allegations.

32. In the course of arresting plaintiff, several officers placed Plaintiff in unreasonably tight handcuffs.

33. This use of force was objectively unreasonable.

34. Accordingly, defendants violated the Fourth Amendment and New York State law because they used unreasonable force on Plaintiff.

## FOURTH CLAIM

### (MONELL CLAIM)

35. Plaintiff repeats the foregoing allegations.

36. The City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by plaintiff.

37. Upon information and belief, the City of New York, at all relevant times, was aware that the defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

## FIFTH CLAIM

### (PLAINTIFF'S STATE LAW CLAIMS AGAINST THE CITY OF NEW YORK )

38. Plaintiff repeats and re-alleges the allegations.

39. Because defendants were acting within the scope of their employment as members of the NYPD during the incidents in question, the City of New York is vicariously liable under state law for false arrest, false imprisonment and malicious prosecution.

40. Further, the City of New York is liable under state law because it negligently hired, trained, supervised, and retained the individual defendants.

41. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, re-train, supervise, discipline, and monitor the defendants and improperly retained and utilized them. Moreover, upon information and belief, the City of New York failed to adequately investigate prior complaints filed against the defendants.

42. In addition, the following are City policies, practices and customs: (a) arresting innocent individuals, primarily minorities, on the pretext that they trespassed, possessed or sold drugs, or possessed weapons, in order to meet productivity goals; (b) fabricating evidence against individuals;(c) using excessive force on individuals;(d) unlawfully strip searching pre-arraignment detainees.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

      i.      Compensatory damages in an amount to be determined by a jury;

      ii.      Punitive damages in an amount to be determined by a jury;

      iii.      Costs, interest and attorney's fees;

      iv.      Such other and further relief as the Court may deem just and proper.

DATED:      January 25, 2011

New York, New York

_____
CHRISTOPHER D. WRIGHT (CW-8079)
Attorney at Law
305 Broadway, 14th Floor
New York, New York 10007
(212) 822-1419